**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DELORES J. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-481 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Delores Scott filed a Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  On February 29, 2012, I vacated and remanded this matter to the Commissioner because the decision denying her benefits failed to evaluate Scott's medical evidence according to the relevant listings. [DE 28, at 14-15.]

The EAJA provides that a district court may award attorney's fees where (1) the claimant is a "prevailing party"; (2) the government was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement.  28 U.S.C. § 2412(d)(1)(A) & (B); *see also U.S. v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000).  The remand by this Court made Scott a prevailing party.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA).

Scott asks for an award of attorney's fees in the amount of $5,954.40 to be paid directly to her attorney, calculated at the rates of $172.50 (2010), $176.25 (2011), and $179.55 (2012) per hour for 33.8 hours of work on this case in federal court.  She indicates that the judgment

vacating and remanding her appeal from the Administrative Law Judge became final 60 days after the February 29, 2012 opinion remanding the case, and she filed the motion for fees within 30 days of final judgment.  Scott states that she attached an itemized free statement and a supporting memorandum addressing how the United States' position in this litigation was not justified.  However, the only attachment to the motion is an affidavit from Scott where she assigns her fees to her attorney.

The government hasn't objected to Scott's motion.  It may be that Scott should receive attorney's fees, but the motion as filed is insufficient.  For one, Scott didn't explain how the government's position was not justified, but more important is the absence of an itemized fee statement describing the work Scott's attorney did on this case.  Scott's motion is therefore **DENIED**, with leave to re-file with a supporting memorandum and itemized statement.

**SO ORDERED**.

ENTERED: June 14, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT